## Anthony Marco *v.* Arthur Swinnerton, Building Inspector and Zoning Enforcement Officer of the City of Stamford et al.

Court of Common Pleas Fairfield County File No. 2440
         At Stamford

Memorandum filed August 16, 1960

*Moore, Epifanio & Tooher,* of Stamford, for the plaintiff.

*Isadore M. Mackler,* of Stamford, for the named defendant.

*Macrides, Zezima & Schwartz,* of Stamford, for defendant The Newfield Swim Club, Inc.

*Frank H. D'Andrea, Jr.,* of Stamford, for defendant Franita Development Corporation.

Barber, J. Plaintiff is the owner of premises adjacent to a tract of land on which The Newfield Swim Club, Inc., proposes to erect and maintain a swimming pool and other recreational facilities. At these proceedings at Putnam, in Windham County, the plaintiff owner seeks a temporary injunction against the issuance of a building permit for the club. The amended complaint is in three counts, but plaintiff's claim is basically that the maintenance and operation of the club will constitute a nuisance.

The design for the club indicates that the plaintiff's residential property is approximately 400 feet from the proposed activities and that his property will be well isolated from its activities. His property adjoins a street which is remote from the entrances to the club premises. Plaintiff's main contention is that the value of his property will be diminished.

A nuisance is defined in *Nixon* v. *Gniazdowski*, 145 Conn. 46, 52. What constitutes a nuisance in one locality may not be in another. *Jack* v. *Torrant*, 136 Conn. 414, 423. A swimming pool or recreational center is not a nuisance per se. See 39 Am. Jur. 366, § 104. It is not enough that the acts complained of diminish the value of plaintiff's property. Id., 309, § 28.

The evidence in this case, at this hearing, falls far short of that necessary to establish a nuisance in fact. It is improper to conjecture what the conditions will be in the future.

The application for a temporary injunction is denied.